IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX BRYANT, III,

    Plaintiff,                        No. CIV S-05-2378 MCE CMK P

    vs.

SOLANO COUNTY SUPERIOR COURT, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 29, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff filed an amended complaint on April 21, 2006 and on May 4, 2006. The complaints appear to be identical; the court considers the last filed amended complaint—the May 4, 2006 complaint, to be the operative complaint in this action.

**I.    Screening Plaintiff's Complaint**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

1

be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.    Plaintiff's Complaint**

Plaintiff raises several claims in his complaint. He alleges that he entered into a plea agreement, which required that he be transferred to a federal prison or to an out-of-state prison; defendants have not complied. Plaintiff seeks transfer to either a federal or an out of state prison.    Plaintiff claims that he is HIV positive and diabetic and that medical staff refuse to provide medication and a proper diet. Plaintiff contends that correctional officers allow other inmates to steal plaintiff's belongings and that his legal mail has been opened. Finally, plaintiff

appears to allege that prison officials have incorrectly calculated the number of "strikes" plaintiff has, resulting in plaintiff serving five percent more of his time than he was supposed to.

### A. Actions of Defendants Not Identified

Plaintiff names eight defendants in his complaint. Plaintiff describes the actions of all eight of these defendants as failing to honor his plea agreement. If plaintiff chooses to amend his complaint, he must allege in specific terms how each defendant is involved in his other claims—denial of medical care, loss of his belongings, and opening his legal mail. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976). Further, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. No Constitutional Right to a Particular Prison

To the extent that plaintiff is alleging that defendant's failure to transfer him to a federal or out-of-state prison violates his constitutional rights, plaintiff fails to state a cognizable civil rights claim. Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Nor does an inmate have a constitutional right to any particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 483 (1995). Inmates have no

federal constitutional right to particular procedures established by state law.  See Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986).

### C. Medical Claim Does Not Meet the Estelle Standard

In Estelle v. Gamble, 429 U.S.97, 106 (1976), the Supreme Court held that a claim of inadequate medical care constituted a cognizable 42 U.S.C. § 1093 claim, if the mistreatment rose to the level of "deliberate indifference to serious medical needs." Id.  In applying this standard, the Ninth Circuit has said that a plaintiff must show that the prison official responsible for the deprivation must have a sufficiently culpable state of mind.  See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  If plaintiff chooses to amend his complaint, he must first link specific defendants to his claims—vague claims of medical staff refusing medication fail to state a claim.  Plaintiff must also allege that the specific defendants had a culpable state of mind.

### D. Civil Rights Action Not Proper to Challenge Duration of Sentence

To the extent that plaintiff is challenging the duration his sentence, he does not state a cognizable civil rights claim.  Claims challenging the duration of confinement properly lie in an action for a writ of habeas corpus.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

## III.  Conclusion

Because plaintiff fails to state a cognizable civil rights claim, this action must be dismissed.  However, the court will grant plaintiff leave to file a second amended complaint.  Should plaintiff choose to file an amended complaint, he should not include "immaterial background information" (Plaintiff's amended complaint is sixty-five pages long; approximately twelve pages are plaintiff's complaint, the remaining pages are "exhibits").  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The court again

1 cautions plaintiff that the second amended complaint must allege in specific terms how each
2 named defendant is involved.

3       Plaintiff is informed that the court cannot refer to a prior pleading in order to
4 make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an
5 amended complaint be complete in itself without reference to any prior pleading.  This is
6 because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>
7 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
8 original pleading no longer serves any function in the case.  Therefore, in a second amended
9 complaint, as in an original complaint, each claim and the involvement of each defendant must
10 be sufficiently alleged.

11       In accordance with the above, IT IS HEREBY ORDERED that:

12       1.  Plaintiff's amended complaint is dismissed; and

13       2.  Plaintiff is granted thirty days from the date of service of this order to file a
14 second amended complaint that complies with the requirements of the Civil Rights Act, the
15 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
16 complaint must bear the docket number assigned this case and must be labeled "Second
17 Amended Complaint"; plaintiff must file an original and two copies of the second amended
18 complaint; failure to file a second amended complaint in accordance with this order will result in
19 a recommendation that this action be dismissed.

20

21 DATED:  May 30, 2006.

22

23                                    _____
                                  **CRAIG M. KELLISON**
24                                   UNITED STATES MAGISTRATE JUDGE

25

26